JOHN B. MITCHELL *vs.* NATHAN HYMAN.

OCTOBER 25, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Trespass and Ejectment. Notice to Quit.*

A tenant under a written lease for the term of one year is not entitled to notice to vacate; Gen. Laws, 1909, cap 334, § 6, providing that "the time agreed upon in a definite letting shall be the time of the termination thereof for all purposes."

*(2) Trespass and Ejectment.*

A lessor is not prejudiced in relation to ejectment proceedings by receiving through the mail after the termination of a written lease for a definite

term, a check from the lessee for the purpose of paying the rent, which check lessor did not collect but turned over to his attorney to be returned to lessee.

*(3)   Landlord and Tenant.   Tenant by Sufferance.   Notice to Quit.*

A tenant for a definite term holding over without a new contract, becomes a tenant by sufferance, and as such entitled to notice to quit, only by the laches of the lessor and if lessor acts promptly he may treat lessee as a trespasser and without giving notice to quit commence ejectment proceedings against him, but if lessor does not within a reasonable time proceed against lessee the latter will be entitled to notice.

*(4)   Landlord and Tenant.   Tenant by Sufferance.   Notice to Quit.*

A lessor who causes a writ of trespass and ejectment to be served within two days after the expiration of a tenancy for a definite term, acts with due diligence and lessee is not entitled to notice to quit as a tenant by sufferance.

TRESPASS AND EJECTMENT.    Heard on exceptions of defendant and overruled.

RATHBUN, J.   This is an action of trespass and ejectment to recover possession of a store which the plaintiff leased by written lease to the defendant for the term of one year commencing April 1st, 1920.   More than three months prior to the expiration of the lease the plaintiff caused to be sent by registered mail to the defendant at said store, his place of business, a notice in writing to vacate said store on or before the first day of April, 1920.   The registered letter containing notice to vacate was delivered at said store to defendant's son who was then and there in the employ of the defendant.   The writ in this cause was issued and served on April 2d, 1920.   On the following day the plaintiff received through the mail a check from the defendant for the same amount as the defendant had paid monthly in advance as rent during the term of the lease.   Plaintiff did not present the check for payment but delivered it to his attorney and directed him to return it to the defendant.

At the conclusion of the testimony at the trial of the cause in the Superior Court a verdict was directed for the plaintiff.   The case is before this court on defendant's exception to the ruling of the trial court directing a verdict for the plaintiff and also on defendant's exceptions to the

ruling of said court admitting in evidence a copy of said notice to vacate and the post office registry receipt card signed by the defendant's son.

. The defendant contends that delivery of the registered letter containing notice to vacate to defendant's son was not a valid service on the defendant; that plaintiff waived said notice by receiving after the expiration of the lease said check which was sent as rent in advance, and that the defendant by holding over after the expiration of the lease became either a tenant from year to year or a tenant at sufferance and in either event entitled to a notice to vacate before the commencement of ejectment proceedings against him.

The plaintiff was in no wise prejudiced by receiving through the mail a check which was not collected and it is unnecessary to determine whether there was a valid service of the notice to vacate as the defendant was not entitled to notice to vacate. The defendant was a tenant for a definite letting for a term of one year ending March 31st, 1920. Section 6, Chapter 334, General Laws, 1909, provides that "the time agreed upon in a definite letting shall be the time of the termination thereof for all purposes." No notice was necessary to terminate the tenancy. This court in *Johnson* v. *Donaldson*, 17 R. I. at 108, referring to the above statute, said: "This provision has been understood as doing away with the necessity of any notice to quit, to a tenant holding over after such letting, before commencing proceedings for his ejectment." Defendant's counsel fails to distinguish between a tenant by parol from year to year who is entitled to a written notice from his landlord "given at least three months prior to the expiration of the occupation year," (See Gen. Laws, 1909, Cap. 334, § 3,) and a tenant under a definite letting for one year who is not entitled to notice to vacate (See Section 6, (quoted above), of said chapter). Notice is given a tenant by parol from year to year for the purpose of terminating the tenancy. The date of the expiration of a tenancy for a

definite term is fixed by the terms of the contract of letting. Additional notice would be superfluous.

(3) A tenant for a definite term by holding over his term without a new contract with the landlord may become a tenant at sufferance and as such entitled under Section 1, Chapter 334, General Laws, 1909, to a notice to vacate but he becomes a tenant at sufferance only by the laches of the landlord. If the landlord acts promptly he may treat the tenant as a trespasser and without giving notice to vacate commence ejectment proceedings against him. *Providence County Savings Bank* v. *Hall,* 16 R. I. 154 and cases cited; *Williams v. Ladew,* 171 Pa. 369, 33 Atl. 329. See also 24 Cyc. 1012 and cases cited. If the landlord does not within a reasonable time proceed against the tenant as a trespasser the tenant will be entitled as a tenant at sufferance to notice to vacate.

(4) As the writ was served within two days after the expiration of the tenancy the plaintiff did not suffer the defendant to remain in possession a sufficient length of time after the termination of the lease to entitle him to the right of a tenant at sufferance to receive a notice to vacate. The plaintiff with due diligence elected to treat the defendant not as a tenant from year to year but as a trespasser. The action of the trial court in directing a verdict for the plaintiff was proper.

All the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Oscar L. Heltzen,* for plaintiff.

*Bellin & Bellin, John F. Harlow, Jr.,* for defendant.